**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AGNES AUVENSHINE,

                Plaintiff,

v.

                                       CIVIL CASE NO. 02-60223

TROY SCHOOL DISTRICT, and               HON. MARIANNE O. BATTANI
CATHERINE COST,

                Defendants.

_____/

**OPINION AND ORDER GRANTING**
**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT**

**I.      INTRODUCTION**

Before the Court is Plaintiff's Motion for Entry of Judgment (Doc. #55).  Defendants

filed a supplemental response that asks the Court to order Plaintiff to accept reinstatement in lieu

of monetary damages for front pay.

On October 17, 2002, Plaintiff filed a discrimination suit against Defendants, in which

she alleged Defendants terminated her because of her national origin and race.  The parties

ultimately argued their cases in front of a jury in April 2006.  As part of Defendants' case,

numerous witnesses, former colleagues of Plaintiff, testified that Plaintiff was terminated

because of poor performance, that she was unqualified, that she was intractable, and that the

school and its students were better served without her.  However, a jury found that Defendants

based their employment decisions, at least in part, on unlawful, discriminatory animus in

violation of the Fourteenth Amendment and the Michigan Elliott-Larsen Civil Rights Act.

Nearly three months after the jury rendered their verdict, and almost four years after she sued,

Defendants offered to reinstate Plaintiff to a teaching position within the Troy School District. Although not labeling their brief as a motion, Defendants ask the Court to enter an order that mandates Plaintiff accept the offer in lieu of the jury-awarded front pay damages.

## II.    STANDARD OF REVIEW

"The general rule is, that when a wrong has been done, and the law gives a remedy, the compensation shall be equal to the injury. . . . .  The injured party is to be placed, as near as may be, in the situation he would have occupied if the wrong had not been committed."  Albemarle Paper v. Moody, 422 U.S. 405, 418-19 (1975).  In cases of invidious discrimination, the courts have discretion when utilizing their equitable powers to grant the most complete relief possible. Id., Shore v. Federal Express Corp., 42 F.3d 373 (6th Cir. 1994).

## III.    ANALYSIS

"[F]ront pay is a remedy presumed appropriate unless record evidence clearly demonstrates to the contrary."  Farber v. Massillon Bd. of Educ., 917 F.2d 1391, 1397 (6th Cir. 1990) *cert. denied*, 501 U.S. 1230 (1991), Davis v. Combustion Eng'g, 742 F.2d 916 (6th Cir. 1984), see also Riethmiller, v. Blue Cross and Blue Shield of Mich., 390 N.W.2d 227, 233 (Mich. Ct. App. 1986)(holding future damages are a potential remedy under the Elliott-Larsen Civil Rights Act).  However, reinstatement is the presumptively favored remedy.  Roush v. KFC Nat'l Mgmt. Corp., 10 F.3d 392, 398 (6th Cir.1993).

Offers of reinstatement must be unconditional.  Ford Motor Co. v. E.E.O.C., 458 U.S. 219, 232 (1982).  The offer must also be a legitimate offer made in good faith, and not just a trial tactic to avoid liability.  Morris v. Clawson Tank Co., 587 N.W.2d 253, 274 (Mich. 1998), see also Kelley v. Airborne Freight Corp., 140 F.3d 335, 354 (1st Cir. 1998), Smith v. World Ins.

2

Co., 38 F.3d 1456, 1464 (8th Cir. 1994), Stanfield v. Answering Serv., Inc., 867 F.2d 1290, 1296 (11th Cir. 1989).  Nevertheless, even if the reinstatement offer is legitimate and unconditional, it is not appropriate in every situation.  Arban v. West Pub. Corp., 345 F.3d 390, 406 (6th Cir. 2003), Roush v. KFC Nat'l Mgmt. Co., 10 F.3d 392, 398 (6th Cir. 1993).

Here, the reinstatement offer was not made until nearly four years after Plaintiff filed suit, and nearly three months after the jury found against Defendants, and awarded her a substantial sum.  Although the timing of the offer certainly raises questions about its legitimacy, the Court is not prepared, on that basis alone, to find the offer was merely a trial tactic extended in order to avoid paying Plaintiff.

The Court also finds the offer was unconditional.  The fact that the School District cannot legally place Plaintiff in the position she would have been in but for the unlawful discrimination does not alter this result.  Although the School District may not legally be able to grant Plaintiff tenure or the salary she would earn as a teacher with seven years of experience,[1] the difference in salary, and other benefits, could easily be bridged through a monetary damage award.

Because the Court finds the reinstatement offer was legitimate and unconditional, it must now determine whether reinstatement is an appropriate remedy in light of the facts of this case.  Although "reinstatement is the presumptively favored equitable remedy[,]" "it is an equitable remedy which is not appropriate in every case, such as where the plaintiff has found other work,

---

[1] MICH. COMP. LAWS ANN. §§ 38.91-38.92, the Michigan Teacher's Tenure Act, requires teachers to undergo four years of probationary status, and only provides for one exception, which Plaintiff does not fall under.  See also Ellis v. Wakefield Township Sch. Dist., 261 N.W.2d 320 (Mich. Ct. App. 1977).  Further, a collective bargaining agreement with the teachers' union may preclude Defendants from paying Plaintiff that rate in this circumstance.

where reinstatement would require displacement of a non-culpable employee, or where hostility would result.'" Roush, 10 F.3d at 398.

In this case, the offer of reinstatement occurred after Plaintiff found another job as an adjunct professor at a community college. Moreover, there is ample evidence in the testimony and newspaper quotes supplied by Plaintiff that the parties harbor hostility that would preclude "the possibility of a satisfactory employment relationship." Shore, 777 F.2d at 1159. Defendants admit as much in their brief, which offers Plaintiff the option of choosing to work outside of the two Troy high schools teaching mathematics in its English as a Second Language Program.

Although the option may remove the fear of retaliation or distance Plaintiff from Principal Cost, who the jury found discriminated against Plaintiff, it would not distance her from the School District and its employees. The School District, through its spokesman has publicly expressed on numerous occasions its support of Principal Cost, the belief that Principal Cost did nothing wrong, its belief that the jury verdict was incorrect, and maintained that Plaintiff was fired because of performance deficiencies in numerous areas. Moreover, there was testimony from numerous teachers and administrators, including the School District's Superintendent of Human Resources, that Plaintiff was a poor teacher, that Plaintiff's termination was in the best interests of the students, and that her termination furthered the educational goals of the School District. Further, the School District's stand *vis-a-vis* Plaintiff's qualifications and integrity undoubtedly could raise concern among parents whose children would attend her classes, thus, leading to further difficulties. The Court finds that reinstatement would not be a practical remedy in light of this tense relationship and the important educational setting in which the

4

parties would interact.

However, merely because reinstatement is inappropriate does not necessitate an award of front pay. <u>Arban</u>, 345 F.3d at 406. "Ultimately, the question to be answered is whether front pay damages are needed in a particular case to make the plaintiff whole." <u>Wilson v. Int'l Bro. of Teamsters</u>, 83 F.3d 747, 756-57 (6th Cir. 1996).

> Several factors must be considered when determining the propriety of an award of front pay, including "an employee's duty to mitigate, the availability of employment opportunities, the period within which one by reasonable efforts may be re-employed, the employee's work and life expectancy, the discount tables to determine the present value of future damages and other factors that are pertinent on prospective damage awards."

<u>Arban</u>, 345 F.3d at 406 (<u>quoting</u> <u>Roush</u>, 10 F.3d at 399 and <u>Shore</u>, 777 F.2d at 1160). In this case, the jury was presented with extensive evidence on these issues, and awarded Plaintiff with front pay.

## IV.      CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Judgment is **GRANTED.  IT IS FURTHER ORDERED** that Plaintiff need not accept reinstatement in lieu of monetary, front pay damages.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: **July 25, 2006**

5

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed to counsel of record on this date by ordinary mail and electronic filing.

s/Colette Motowski
DEPUTY CLERK